A99A2034, A99A2035. IN THE INTEREST OF C. J. B. et al., children (two cases).
(521 SE2d 891)

JOHNSON, Chief Judge.

The juvenile court terminated the parental rights of the mother and father of four boys and two girls. The parents filed separate appeals in which they each claim there is insufficient evidence to support the order of termination. The claims are without merit.

On appeal this court must review the evidence in the light most favorable to the trial court's judgment and determine whether a rational trier of fact could have found clear and convincing evidence that parental rights have been lost. This court does not weigh evidence or determine witness credibility, but defers to the trial court's factfinding and affirms unless the appellate standard is not met. *In the Interest of N. J. W.*, 233 Ga. App. 130 (503 SE2d 366) (1998).

Viewed in favor of the trial court's judgment, the evidence shows that the mother and father have eight children, six of whom are the subject of this appeal. The mother also has three other children fathered by another man. All 11 children have been found to be deprived on various occasions. The four boys involved in this case have been in continuous foster care since 1994, and the two girls have been in the custody of the Department of Family & Children Services since their respective births in 1995 and 1998. None of the findings of deprivation has ever been appealed.

The mother has a long history of cocaine abuse. At the time of the termination hearing she was incarcerated because she had tested positive for cocaine while on probation for a felony drug conviction. She has repeatedly used cocaine while pregnant, and three of her children tested positive for cocaine at birth. In 1995 she pled guilty to a charge of child cruelty based on having ingested cocaine prior to one of the births.

In spite of the mother's chronic drug abuse and having given birth to three children who tested positive for cocaine, the father has kept the children in the same household with the mother. The father and mother have had physical altercations, and in one instance they stabbed each other with forks. The father has been arrested for disorderly conduct and drunkenness. And in 1993, the juvenile court found that the father had sexually molested his wife's 11-year-old daughter by attempting to penetrate her vagina with his penis. At the termination hearing, the father admitted that in a court proceeding only a few months earlier he had stipulated that he had neglected the children and had not provided them with adequate medical care, food or sanitary living conditions.

Both the mother and father have extremely low intellectual functioning. A doctor's psychological evaluation shows that the father

has pronounced cognitive impairment and that he is incapable of providing a safe and secure home for the children. The evaluation of the mother shows that she too has significant cognitive impairment and is a chronic drug addict incapable of providing good parental supervision.

The parents have not supported the children while they have been in the care of the Department, and the parents have failed to complete several reunification case plans. The father and mother have not provided suitable housing for all the children, living in a small trailer with only two bedrooms and one bathroom. A Department caseworker testified that she had visited the trailer only a few days before the termination hearing and it did not have running water or heat and there was dirt all over the floor. On various occasions the living conditions were unsanitary, and the children lacked adequate supervision, clothing and food.

Contrary to the claims of the mother and father, the trial court was authorized to find clear and convincing evidence that the children are deprived, the deprivation is caused by a lack of parental care and control, the deprivation is likely to continue, the continued deprivation is likely to cause serious harm to the children and that termination of the parental rights of both the mother and father is in the best interests of the children. See OCGA § 15-11-81; *In the Interest of J. S.*, 232 Ga. App. 876-881 (1) (502 SE2d 788) (1998). The judgment of the trial court is therefore upheld in both cases.

*Judgments affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED AUGUST 30, 1999.

*Jerry D. McRee*, for appellant (case no. A99A2034).
*Cassandra M. Ford*, for appellant (case no. A99A2035).
*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Rubin, Winter, Rapoport & Hall, Robert E. Hall, Philip B. Spivey*, for appellee.